63 P.3d 497 (2003)
2003 MT 12
In the Matter of L.S., Jr., A Youth in Need of Care.
No. 02-204.
Supreme Court of Montana.
Submitted on Briefs November 7, 2002.
Decided January 30, 2003.
Carl B. Jensen, Jr., Assistant Cascade County Public Defender, Great Falls, for Appellant.
Hon. Mike McGrath, Attorney General; Kathleen Jenks, Assistant Attorney General, Child Protection Unit, Helena, for respondent.
Chief Justice KARLA M. GRAY delivered the Opinion of the Court.
¶ 1 L.S., Sr. (Father) appeals from the Findings of Fact, Conclusions of Law and Order entered by the Eighth Judicial District Court, Cascade County, which terminated his parental rights to L.S., Jr. (L.S.). We affirm.
¶ 2 The sole issue on appeal is whether the District Court abused its discretion in terminating Father's parental rights to L.S.

BACKGROUND
¶ 3 L.S. was born in June of 1998. The Montana Department of Public Health and Human Services (Department) received multiple reports of unsanitary living conditions at the home of L.S. and his parents. A home inspection in June of 1999 by social workers confirmed the home did not meet minimum standards for safety and sanitation and L.S. was removed from his parents' care. On subsequent occasions, L.S. was returned to his family and again removed.
¶ 4 The District Court adjudicated L.S. a youth in need of care in September of 1999. Thereafter, the Department prepared  and the District Court approved  a treatment plan for Father which focused on Father's *498 parenting skills, chemical dependency, maintenance of adequate housing for L.S., and maintenance of a healthy mental status. After Father allegedly failed to fulfill various aspects of his treatment plan, the Department petitioned for termination of his parental rights to L.S. Following a hearing on November 30, 2001, the District Court entered its Findings of Fact, Conclusions of Law and Order terminating Father's parental rights. Father appeals. L.S.'s mother is not a party to this appeal.

STANDARD OF REVIEW
¶ 5 A decision on whether to terminate parental rights is within the sound discretion of the district court and will not be overturned absent an abuse of that discretion. In re T.C., 2001 MT 264, ¶ 13, 307 Mont. 244, ¶ 13, 37 P.3d 70, ¶ 13 (citation omitted). In reviewing whether the district court abused its discretion, however, we review the court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. T.C., ¶ 13 (citations omitted).

DISCUSSION
¶ 6 Did the District Court abuse its discretion in terminating Father's parental rights?
¶ 7 Pursuant to § 41-3-609(1)(f), MCA, a district court may terminate parental rights when it finds a child has been adjudicated a youth in need of care, an appropriate treatment plan approved by the court has not been complied with by the parent or has not been successful, and the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. In determining whether a parent's conduct or condition is unlikely to change within a reasonable time, a court shall consider, among other things, emotional or mental illness, mental deficiency and excessive use of alcohol or drugs. Section 41-3-609(2), MCA. In considering these factors, the court "shall give primary consideration to the physical, mental, and emotional conditions and needs of the child." Section 41-3-609(3), MCA.
¶ 8 In the present case, the District Court entered extensive findings, including that Father failed to complete any portion of the treatment plan and that, notwithstanding that addressing chemical dependency issues was a "significant component" of the treatment plan, Father continued using both alcohol and dangerous drugs. With regard to Father's mental health issues, the court highlighted testimony that Father does not take his prescribed medications consistently, misses counseling appointments and tends to seek treatment only when in crisis. The court ultimately found that Father's "ability to parent is not likely to change in a reasonable period of time to benefit [L.S.]." Father challenges only the court's finding that the conduct or condition rendering him unfit is unlikely to change within a reasonable time.
¶ 9 Father argues his treatment plan was working and his mental health issues were being resolved, relying on testimony of social worker Bob Frye (Frye) that Father was prescribed "critical" medication which should control his condition. Consequently, he asserts he should have been given more time to change his behavior.
¶ 10 In reviewing a district court's findings, however, we do not consider whether the evidence could support a different finding; nor do we substitute our judgment for that of the fact-finder regarding the weight given to the evidence. In re T.A.G., 2002 MT 4, ¶ 10, 308 Mont. 89, ¶ 10, 39 P.3d 686, ¶ 10 (citation omitted). Determining whether conduct or a condition rendering a parent unfit is likely to change within a reasonable time requires an assessment of the parent's past and present conduct. In re M.T., 2002 MT 174, ¶ 34, 310 Mont. 506, ¶ 34, 51 P.3d 1141, ¶ 34 (citations omitted).
¶ 11 Here, the following matters are both unchallenged by Father and supported by the record. The Department initially removed L.S. from his parents' home on June 25, 1999, because of unsanitary and unsafe conditions. He subsequently was returned to the home, only to be removed again on multiple occasions. The District Court approved a treatment plan for Father on September 9, 1999. Over two years later, on December 20, 2001, the court found Father had "failed to complete the treatment plan[,]" *499 a finding not challenged on appeal. Nor does Father dispute the District Court's finding that he did not enroll in or attend the required Nurturing Fathers program; did not enroll in or complete a nutrition class; continued using chemicals excessively; was noncompliant with his chemical dependency treatment program; did not maintain his home appropriately for a small child; did not consistently take prescribed medications; and missed counseling appointments. The District Court also cited to testimony that Father's ability to parent had not improved in the past 2½ years. These findings regarding Father's past and present conduct clearly are relevant in determining whether his conduct will change within a reasonable time.
¶ 12 With regard to Father's challenge to the court's finding that his ability to parent is unlikely to change within a reasonable time, based on Frye's testimony that a prescribed medication should control his mental health problems, Frye's overall testimony generally supports the District Court's finding. When asked whether Father was good about taking the medication prescribed to him, Frye responded, "That I'm not totally sure on." He further testified that he had not seen Father frequently and indicated his knowledge about Father's condition was based largely on what Father self-reported. Notably, when asked whether Father had been "dedicated to his treatment," Frye responded that Father had "[b]een somewhat inconsistent."
¶ 13 Considering the District Court's unchallenged and sufficiently supported findings regarding Father's failure to complete any portion of his treatment plan, together with the passage of more than two years between the approval of the treatment plan and the hearing on termination of parental rights, we conclude the District Court's finding that his ability to parent is not likely to change in a reasonable period of time is not clearly erroneous.
¶ 14 Father also asserts that he requested enrollment in an additional treatment program, but the Department turned him away. He advances no legal authority, however, as required by Rule 23(a)(4), M.R.App.P., under which the Department was required to enroll him in that program. Therefore, we decline to address this assertion further. See In re B.P., 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41 (citation omitted).
¶ 15 Father also claims he has a strong desire to parent L.S. This may well be true. Children cannot always afford to wait for their parents to be able to parent, however, and Father has not only been unable to change his conduct to achieve his desire during a period well in excess of two years, but the record before us establishes that his conduct is unlikely to change within a reasonable time.
¶ 16 We hold the District Court did not abuse its discretion in terminating Father's parental rights.
¶ 17 Affirmed.
We concur: JIM REGNIER, JAMES C. NELSON, TERRY N. TRIEWEILER and JIM RICE, JJ.