FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 20-0192

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 252N

IN THE MATTER OF:

C.H., N.H. and M.H.,

      Youths in Need of Care.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. BDN 18-208, BDN 18-209, and BDN 18-346
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Katy Stack, Attorney at Law, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

          Joshua A. Racki, Attorney at Law, Great Falls, Montana

          Submitted on Briefs:  September 9, 2020

                    Decided:  October 6, 2020

Filed:

_____
               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      D.H. (Father) appeals from the March 3, 2020 Order of the Eighth Judicial District Court, Cascade County, terminating Father's parental rights to C.H., M.H., and N.H. (Children).  We affirm.

¶3      Children were placed in protective custody in July 2018.  They were adjudicated Youths in Need of Care on September 20, 2018.  On January 21, 2020, the Department of Health and Human Services, Child and Family Services (the Department) petitioned to terminate Father's parental rights, asserting termination to be appropriate pursuant to § 41-3-423(2)(a), MCA, by subjecting the children to aggravated circumstances, namely chronic abuse, and pursuant to § 41-3-423(2)(c), MCA, by committing aggravated assault against a child.  Following the termination hearing, the District Court terminated Father's parental rights, finding that N.H. and M.H. disclosed and demonstrated significant fear of Father because of his prolonged abuse of them and the family, the children were exposed to extensive domestic and sexual violence, and Father committed an aggravated assault against C.H.  Father appeals.

¶4     Father asserts two issues on appeal—the District Court abused its discretion in termination Father's parental rights under §§ 41-3-609(1)(d) and -423(2)(c), MCA, and that his counsel was ineffective.

¶5     In relation to an incident on February 9, 2018, Father was charged with two counts of felony aggravated assault in Pima County, Arizona. The facts and circumstances alleged were the same for both offenses—namely Father hit Mother several times and while Mother was holding C.H., he grabbed a gun and pointed it at both of them. Mother was the asserted victim under count one and C.H. was the asserted victim under count two. Ultimately, Father pled guilty to count one, the aggravated assault charge against Mother, and count two, the aggravated assault charge against C.H., was dismissed. Father asserts that as count two was dismissed, the District Court abused its discretion by terminating Father's parental rights based on his conviction for aggravated assault on a child because Father was not convicted of aggravated assault on a child. From our review of the record, we are not persuaded by Father's argument.

¶6     We review a court's decision to terminate parental rights for abuse of discretion—whether the court acted arbitrarily, without conscientious judgment, or exceeded the bounds of reason, resulting in substantial injustice. *In re A.S.*, 2016 MT 156, ¶ 11, 384 Mont. 41, 373 P.3d 848. The State must prove by clear and convincing evidence the statutory criteria for termination. *In re R.L.*, 2019 MT 267, ¶ 12, 397 Mont. 507, 452 P.3d 890. "In the context of parental rights cases, clear and convincing evidence is the requirement that a preponderance of the evidence be definite, clear, and convincing." *In*

*re R.L.*, ¶ 12. This Court reviews a district court's findings of fact for clear error and conclusions of law for correctness. *In re M.V.R.*, 2016 MT 309, ¶ 23, 385 Mont. 448, 384 P.3d 1058.

¶7 Pursuant to § 41-3-423(2)(a) and (c), MCA, a court may make a finding that the Department need not make reasonable efforts to provide reunification services if the court finds the parent has subjected a child to aggravated circumstances or committed aggravated assault against a child. To establish the aggravated circumstances or an aggravated assault, the State is not required to prove a criminal conviction, but rather establish such by clear and convincing evidence. *See In re R.L.*, ¶ 12. Here, the record contains substantial evidence that Father subjected N.H. and M.H. to aggravated circumstances, namely chronic abuse,[1] and committed aggravated assault against C.H.[2] Other than general denials, Father provided no evidence contradicting these accounts. Additionally, Father pleaded guilty to count one, the aggravated assault against Mother. The District Court without objection took judicial notice of the charging document, which asserted Father pointed a gun toward both Mother and C.H. As the girls reported Mother was holding C.H. when Father pointed

---

[1] M.H. reported a history of being slapped, hit with a belt, thrown, yelled at, and hit so hard on one occasion by Father that it knocked her tooth out. After residing in foster care, N.H. expressed she did not realize she did not have to be hit all the time, slapped in the face, or yelled at when she spoke. Both M.H. and N.H. expressed significant, ongoing fear of Father with escalating behaviors (N.H. cutting herself and M.H. exhibiting pressured speech and agitation) when they believed he would be released from jail and come to exact retribution against them. Both expressed consistent desire to never see Father again.

[2] M.H. and N.H. provided forensic interviews in which both described that on February 9, 2018, Father hit Mother several times and while Mother was holding C.H., he grabbed a loaded gun and pointed it at Mother and C.H.

4

the gun at her, the clear and convincing evidence supports Father was also committing aggravated assault against C.H. The fact that he did not actually plead to count two, does not negate the substantial evidence supporting the District Court's conclusion Father committed aggravated assault against a child.[3]

¶8 Next, Father asserts his due process rights were violated as his counsel was ineffective by failing to inform the court Father was not convicted of aggravated assault on a child in Arizona, failure to object to the Arizona judgment as hearsay, failure to renew Father's motion to continue to permit Father to attend the termination hearing, and failing to assiduously advocate on Father's behalf. From our review of the record, to the extent any action of counsel could be potentially construed to be a failure of Father's counsel to assiduously advocate on Father's behalf, it was resultant from Father's negative behaviors and demeanor, his poor communication abilities, and his failure to engage in a collaborative relationship with his attorney to assiduously advocate for him. The record is replete with Father's hostile and aggressive communication style. Father's counsel, bound as an officer of the court to be candid toward the tribunal, repeatedly advised the court as to limitations of his advocacy due to Father's failure to meaningfully engage or communicate with him. The record establishes Father did not engage with the Department, the court, or his counsel throughout the proceedings. He engaged in communication that was vulgar, rude,

---

[3] While the District Court should have more correctly concluded Father committed, rather than was convicted of, aggravated assault against C.H. and then specifically related how Father's admission of the aggravated assault against Mother supported this conclusion, this error is harmless as the record contains substantial evidence supporting termination of Father's parental rights pursuant to §§ 41-3-609(1)(d) and -423(2)(a) and (c), MCA.

intimidating, threatening, and completely inappropriate. "We have long held that a parent has an obligation to avail herself of services arranged or referred by the Department and engage with the Department to successfully complete her treatment plan." *In re R.J.F.*, 2019 MT 113, ¶ 38, 395 Mont. 454, 443 P.3d 387; *see also In re R.L.*, ¶ 20; *In re C.M.*, 2019 MT 227, ¶ 19, 397 Mont. 275, 449 P.3d 806; *In re C.B.*, 2014 MT 4, ¶¶ 19, 23, 373 Mont. 204, 316 P.3d 177; *In re D.F.*, 2007 MT 147, ¶ 29, 337 Mont. 461, 161 P.3d 825; *In re T.R.*, 2004 MT 388, ¶ 26, 325 Mont. 125, 104 P.3d 439; *In re L.S.*, 2003 MT 12, ¶ 11, 314 Mont. 42, 63 P.3d 497. A parent has a similar obligation to engage with counsel so that counsel can assiduously advocate for the parent. Here, Father chose not to engage in a productive manner with his counsel and we decline to fault counsel for any failure to assiduously advocate for Father.[4]

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ INGRID GUSTAFSON

---

[4] We further note that we do not find counsel's performance to have been ineffective in regard to any of the specific allegations made by Father. The District Court was free to take judicial notice of official court documents, including charging documents and pleadings, filed in other courts. The District Court was accurately advised as to Father's conviction by the very records of which it took judicial notice, and it is certainly not improper for counsel to not renew a motion to continue, which was previously denied and which was objected to by all other parties.

6

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE